# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PETER STARCK,**

        **Plaintiff,**

v.                                                                    **Case No. 04-C-70**

**MIDWEST AIRLINES INC. and**
**JANE MARTIN,**

        **Defendants.**

# DECISION AND ORDER

The Plaintiff, Peter Starck ("Starck"), filed his *pro se* complaint in this Court on January 21, 2004, alleging discrimination by his former employer. On September 8, 2005, the Defendants moved for summary judgment. When Starck did not timely respond to the pending motion, the Court, in a letter dated October 13, 2005, *sua sponte* extended the deadline for his response to November 1, 2005. In that letter, the Court advised Starck that failure to respond to the pending dispositive motion could result in the dismissal of his case or a decision on the merits against him. The new deadline set by the Court has since come and gone; Starck still has not responded to the Defendants' motion.

Civil Local Rule 41.3 states that "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice." United States District Court for the Eastern District of Wisconsin, Local

Rules, Civil L.R. 41.3. Case law recognizes the inherent authority of district courts to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior. *Casteel v. Pieschek*, 3 F.3d 1050, 1055 (7th Cir. 1993); *Daniels*, 887 F.2d at 785. While no case should be dismissed for failure to prosecute without "explicit warning" of the potential sanction, there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. *Ball v. City of Chicago*, 2 F.3d 752, 755-56 (7th Cir. 1993). The Court must consider

> the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citation omitted).

The Court has provided Starck with an explicit warning of the potential consequences of his dilatory behavior. Nevertheless, Starck has failed to meet the two deadlines set by this Court. The Court does not know the reason for his failure; no explanation has been forthcoming.

The Court acknowledges that the prejudice to the Defendants occasioned by Starck's delay and unresponsiveness is likely minimal, as is the impact on this Court's docket.

2

Nevertheless, Starck's failure to respond to the pending motion contravenes this Court's local rules, which require responses to motions for summary judgment.[1] He has failed to respond even though the Defendants complied with this Court's local rules and provided the requisite notice and information related to summary judgment procedures. Starck's failure to respond rests squarely on his shoulders.

Starck's failure to respond to the instant motion likely dooms his action. The Seventh Circuit has identified summary judgment as the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1111 (7th Cir. 2004) (citations omitted). Insofar as Starck has chosen not to "put up," he is left with few options. While suits such as Starck's, which allege discrimination, carry significant social value, the Court is in no position to assess whether Starck, in fact, was the victim of unlawful discrimination. Slapping a legal label on a suit (with no factual support) does not automatically imbue it with that level of social import which will allow the plaintiff to dawdle and stave off dismissal for lack of prosecution.

The Court can no more gauge the societal value of Starck's suit than his prospect of success. Other than his complaint, there is nothing on which the Court can base its opinion.

---

[1] Civil Local Rule 7.1 states that "[o]n motions for summary judgment, the opposing party *must* serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant *may* serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief." United States District Court for the Eastern District of Wisconsin, Local Rules, Civil L.R. 7.1 (emphasis added). While this quoted language may be interpreted as mandating only the time frame within which a response can be filed if a party chooses to do so, the words "must" and "may" suggest that responses are mandatory whereas replies are optional.

3

Given this lack of information, the present circumstances seem amenable to dismissal for practical reasons. It would be unusual to require adjudication of motions for summary judgment when the party who initiated the suit has failed to respond. Certainly, the argument can be made that a judgment on the merits–though based on an unopposed brief–is preferable. Such a decision would justify the movant's expenditure of resources and produce a judgment on the merits with some measure of finality. It is difficult, however, to reconcile this position with the factors that courts must weigh when considering dismissal for lack of prosecution. For example, if a suit has significant societal value, how could it be preferable to decide the case on the defendant-movant's facts and legal theories without the complainant's presentation of countervailing facts or legal argumentation? Courts should not foreclose potentially meritorious suit on the purported merits when those "merits" are elucidated only through a one-sided view of the controversy in the unopposed filings of the movant. If Starck's suit has merit, society's interests would seem to favor dismissal of his action, thereby preserving the possibility that he may refile his action in the future.[2]

---

[2]The Court is aware that Starck may run against the statute of limitations if he seeks to refile his action. While this may bar his suit, the Court's adjudication of the Defendants' pending motions, as a practical matter, would likely lead to the same result.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Pursuant to Civil L.R. 41.3, Starck's Action is **DISMISSED** without prejudice for failure to prosecute.

The Defendants' Motion for Summary Judgment (Docket No. 29) is **DISMISSED** as moot.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2005.

**BY THE COURT**

_____
**HON. RUDOLPH T. RANDA**
**Chief Judge**